## A WIDOW CAN NOT ALIENATE HER FIRST YEAR'S ALLOWANCE.

[Probate Court of Hamilton County.]

SARAH A. NEELY, ADMINISTRATRIX, v. MARY NEELY ET AL.

Decided, March, 1903.

*First Year's Allowance a Debt of the Estate—Mortgage by Widow Does not Cover—Distribution—Estoppel.*

1. The law making it the duty of appraisers of the estate of a decedent to make an allowance of provisional alimony for his widow, owes its existence to a humane consideration for the distress and helplessness of widows newly bereaved, and has the same foundation as the homestead and exemption law.

2. This provisional alimony is to be allowed under all circumstances, and should be treated as a debt of the estate.

3. A mortgage executed by a widow upon the real estate of her husband, after his death, while a lien upon her dower interest, does not become a lien upon her first year's allowance.

4 Nor can the widow by any act of her own prevent the appraisers from setting off to her provisional alimony, or the administrator from paying it as a preferred debt out of the funds in his hands.

5. Nor does the doctrine of estoppel apply to her as against funds in the hands of the administrator.

6. But lands, upon which the widow gave a mortgage after her husband's death, having been sold to pay debts, the distribution of the fund arising therefrom must be as to the widow in accordance with the provisions of Section 6090, providing in what order administrators shall pay debts, and not under the provisions of Section 6165, providing how a fund from the sale of land shall be applied.

NIPPERT, J.

James Neely died in January, 1899, leaving a widow, Mary Neely, and an unmarried daughter, Sarah A. Neely; he died intestate. His daughter, Sarah A. Neely, was appointed administratrix of his estate, and employed Mr. C. H. Avery to act as her attorney. The deceased left three pieces of real estate, one in Norwood, one on Fifth street, Cincinnati, Ohio, and one in Adams county, Ohio, and personal property of the value of about one hundred and twenty-five dollars.

Sarah A. Neely was appointed administratrix on December 29, 1900. Prior to the death of James Neely, he and his wife, Mary Neely, executed to C. H. Avery, trustee, certain promissory notes, which were secured by mortgages given on the two pieces of property in Norwood and on Fifth street.

After the death of James Neely, on the 31st of August, 1899, Mary Neely, the widow, and Sarah A. Neely executed to C. H. Avery, trustee, at his request, a mortgage on the real estate in Adams county, Ohio. The defeasance clause of said mortgage read as follows:

"Provided, nevertheless, that if the said Mary Neely and Sarah A. Neely shall pay or cause to be paid the amounts due on mortgages recorded in the following books in Hamilton county, Ohio, to-wit: Book 641, page 259; Book 704, page 394; Book 715, page 389; Book 740, page 587, Records of Mortgages of Hamilton county, Ohio, then these presents shall be void. Otherwise, this mortgage shall remain in full force and effect for such part of the debt secured by said mortgages as may be unpaid thereby."

After the execution of the mortgage on the Adams county real estate, C. H. Avery, trustee, foreclosed his mortgages on the Norwood and Fifth street property. The proceeds arising from the sale of said mortgaged premises were not sufficient to satisfy the mortgage claims held by C. H. Avery, trustee, and he still claimed a balance due him of about fifteen hundred dollars. Neither Mary Neely nor Sarah A. Neely could or did pay the balance to C. H. Avery, trustee, and he insisted that the condition being broken, the mortgage on the real estate in Adams county becomes absolute, and transfers all the interest of the mortgagors to him; and inasmuch as the estate of James Neely is insolvent, his contention is that the interest so transferred consists of the dower and the year's allowance of the widow, Mary Neely.

On January 2, 1901, C. H. Avery, trustee, filed a petition to sell the real property of the estate of James Neely, to pay debts, in case No. 6447. The real estate described in the petition to be sold was the Adams county real estate. The petition alleges that the widow is entitled to her dower and her year's maintenance.

On January 2, 1901, Mary Neely, who had employed as her attorney, C. H. Avery, waived the issue and service of summons

to the petition, and filed her answer, in which she stated that she consented to the prayer of the petition.

On the same day C. H. Avery, trustee, filed his answer and cross-petition, in which he sets out the various mortgages given by James Neely and Mary Neely on the real estate in Norwood and on Fifth street, and also sets out the mortgage given by Mary Neely and Sarah A. Neely on the real estate in Adams county. The sale case took the usual course and the property described in the petition, namely, the Adams county real estate, was sold for two thousand dollars, and the decree of confirmation and distribution was made June 28, 1901, based upon the petition and cross-petition of C. H. Avery, trustee. By reason of the facts set out in the said answer and cross-petition, the dower of Mary Neely was ordered to be paid to C. H. Avery, trustee.

Up to this time C. H. Avery was the attorney of all the parties in interest in the estate of the deceased Neely. He represented the administratrix, Sarah A. Neely, the widow, Mary Neely, the daughter, Sarah A. Neely, and himself as trustee and creditor.

On October 22, 1902, Raymond Ratliff, who was recently employed by Mary Neely and Sarah A. Neely, filed a motion, in case No. 6447, to vacate the decree, on the ground that the same was irregularly obtained.

On November 3, 1902, C. H. Avery, trustee, filed a supplemental answer and cross-petition, in No. 6447, in which he prayed that by reason of the mortgage on the Adams county real estate, he might be possessed of the $600.00, which was the year's allowance, and further asked that the amount of said proceeds which may be distributable on the claim of Sarah A. Neely, assignee of the claim of William H. Armstrong, be paid to him on account of his mortgage claim.

On December 15, 1902, upon consideration of said motion, the court found that there was an irregularity in the proceedings brought to obtain the decree, and gave Mary Neely and Sarah A. Neely ten days time in which to file their demurrer or answer to the cross-petition and the amended cross-petition of C. H. Avery, trustee; the court, however, merely suspended the vacation of the judgment for the purpose of discovering whether or not

there was a valid defense to the action in which the judgment was rendered.

Since the motion to vacate was filed, an inventory has been returned, in which the appraisers fixed the year's allowance at $700.00, which, upon petition filed by C. H. Avery, trustee, was reduced by this court to $600.00.

On December 22, 1902, Mary Neely filed a demurrer to the supplemental answer and cross-petition of C. Hammond Avery, trustee, and on the same day the said Mary Neely filed her amended answer to the original answer and cross-petition of C. H. Avery, trustee, and Sarah A. Neely filed her answer to the supplemental answer and cross-petition of C. H. Avery.

The court, upon careful consideration of the answers filed by Mary Neely and Sarah A. Neely, refuses to vacate the decree of confirmation and distribution heretofore made in this action. But C. H. Avery, trustee, by a supplementary cross-petition, filed by leave on November 3, 1902, since the decree of confirmation and distribution was entered, has seen fit to set forth new matter for the consideration of the court, and asks for additional relief against Mary Neely and Sarah A. Neely, to which cross-petition the defendant, Mary Neely, filed her demurrer and amended answer, and Sarah A. Neely filed her answer.

As all these pleadings of the defendants, Mary Neely and Sarah A. Neely, are practically based on the same grounds, the court has concluded to consider them together. In regard, then, to the first cause of action set forth in the supplemental answer and cross-petition of said C. H. Avery, trustee, we are of the following opinion:

As the court has already indicated, by refusing to vacate the decree of confirmation and distribution heretofore made in this case, wherein the dower interest of said Mary Neely was assigned and transferred to C. H. Avery, trustee, it is the opinion of the court that the mortgage given by Mary Neely, on said property, to C. H. Avery, trustee, did cover her dower interest in said property. The question now for the court to determine is, whether or not the said Mary Neely, by executing the mortgage, did transfer her claim for the yearly allowance to said mortgagee. Section 6040 of our statutes says:

"The appraisers shall set off and allow to the widow sufficient provisions, or other property, to support her for twelve months."

This law, making it the absolute duty of the appraisers to furnish provisional alimony to the widow, has the same foundation as the homestead and exemption law. It owes its existence to a humane and benevolent consideration of the distress and helplessness of widows newly bereaved of their protectors, and to a wise public policy recognizing the true relation of the state to the family as its organic constituent element.

Thompson, in his valuable work on Homesteads and Exemptions, says:

"The protection of the family from dependence and want is the expressed object of nearly all the homestead and exemption laws; the immunities enacted by these statutes are extended to this association of persons, or to the head thereof, for the benefit of all its members. The relation of husband and wife, parent and child, is the unit of civilization, and the state has thought to encourage that relation by protecting it from absolute want arising from the vicissitudes of life."

For these reasons, the provisional alimony called "year's allowance" is to be allowed to the widow under all circumstances, and is treated as a debt against the estate of her husband. That it is a debt against his estate is held by the following authorities:

*Watts* v. *Watts,* 38 O. S., 480.

*Allen* v. *Allen,* 18 O. S., 234.

*Baldwin* v. *Broadstone,* 35 Bul., 161.   (Affirmed by Supreme Court without report).

In the case at bar, the fund out of which this debt is to be paid, is now in the hands of the administratrix, and must be distributed to her, according to Section 6090 of our statutes. First, the funeral expenses, those of the last sickness, and the expenses of the administration; second, the allowance made to the widow for her support for twelve months.

As already shown by the former decree of this court, the vacating of which has been refused, the balance in the hands of the administratrix amounted to $9.97 cash, and $1,333.33 in notes, which

said administratrix was ordered to hold for further order and distribution, according to law.

C. H. Avery, trustee, held no mortgages on the premises sold, from James Neely, executed during his lifetime, and his sole claim rests on the mortgage executed after his death by the widow and daughter. In my opinion, therefore, the distribution of the balance of said fund must be made in accordance with Section 6090, and not according to Section 6165.

Again, in the opinion of the court, the widow can not, by any act of her own, prevent the appraisers from performing their duty, to-wit: to set off and allow her this provisional alimony, and she can not, by any act of her own, prevent the administratrix from paying this preferred debt out of the funds in her hands. Our courts have held that she can not do so by a nuptial or ante-nuptial contract, and she surely can not do so by the execution of a mortgage in favor of one, who, by the express provision of the statutes, is relegated to the rear in the collection of his claim. In plain words, the court is of the opinion that the mortgage executed by the widow, in favor of C. H. Avery, trustee, covers her dower, but not the yearly allowance.

In the second cause of action the defendant, C. H. Avery, trustee, claims that the said Mary Neely covenanted in said mortgage the land so conveyed to be free from incumbrance, and that she would warrant and defend the same against the claim or claims of all persons whomsoever. Defendant further alleges that said claim for year's allowance was a lien on said land, and says that said Mary Neely is estopped from retaining the $600.00 awarded to her as her year's allowance, so far as it may be necessary to pay the same out of the proceeds of the sale of said land, and that upon said award being made, said defendant became entitled to all of said year's allowance, so far as it may be necessary to pay the same out of the proceeds of the sale of land described in the petition. This contention would be true, were it not for the fact that the court has already decided that the year's allowance is a debt of the estate, payable before all other claims, except those of the last illness, funeral expenses and costs of administration, subject, of course, to the right of the payment of mortgages and judgments

against the deceased, according to their respective priorities of lien, so far as the same really operate as a lien on the estate of the deceased at the time of his death.

The claim of the widow in this case is not for any interest in the lands of the deceased, but it is a claim against the funds in the hands of the administratrix for an amount, which a just and humane law allows her. Accordingly, we can not say that the doctrine of estoppel can be applied to the facts in this case. This holding, to-wit., that the doctrine of estoppel does not apply to this case, covers also the third cause of action of said defendant in his supplemental answer and cross-petition.

In the fourth cause of action, the defendant C. H. Avery, trustee, says that Sarah A. Neely purchased and now owns a claim against the estate of James Neely, to-wit, a note for $500.00, executed by said Neely, in favor of one W. H. Armstrong, with interest from April 1, 1894, which has not been paid, but which has been proven and allowed as a valid claim against the estate of said James Neely and further says that by reason of Sarah A. Neely's covenants of title against incumbrance, and her argument to defend the land mortgaged against all claims of all persons, as well as her fraud and misrepresentation, she is estopped from retaining any of the proceeds of the sale of said farm as against this defendant.

He further contends in said fourth cause of action that the only frauds from which said Armstrong claim could be paid are the proceeds of sale of said farm, and that by reason of her covenants and fraud, she is estopped from retaining any of said proceeds against this defendant.

The only title which Sarah A. Neely could give to this property is her interest as an heir in the same, subject to the debts of the estate of her deceased father, as well as the dower right and claim for year's allowance of her mother. Her mortgage, executed in this case, needs no further attention because the court is of the opinion that it is void for want of consideration. As a claimant against the estate, Sarah A. Neely shares pro rata with the other creditors. So does C. H. Avery with the balance of his claim against the estate of James Neely.

This opinion is based entirely on the fact that this was a proceeding to sell real estate for the purpose of paying the debts of James Neely, deceased; the property having been sold, the decree of confirmation and partial distribution, heretofore made, having been found correct, the court has nothing before it at present, except the distribution of the balance in the hands of the administratrix.

According to the above, the decree may be drawn by which the administratrix is ordered to pay the costs of these proceedings, the yearly allowance, to-wit: $600.00 to the widow, and to distribute the balance, pro rata, among the creditors of James Neely, deceased.

---

### MOTION FOR REHEARING DENIED.*